

# THE ATTORNEY GENERAL
## OF TEXAS

March 20, 1990

JIM MATTOX
ATTORNEY GENERAL

Honorable Brad Wright
Chairman
Public Health Committee
House of Representatives
P. O. Box 2910
Austin, Texas 78769-2910

Opinion No. JM-1148

Re: Authority of the Board of Chiropractic Examiners to condition eligibility for licensure on graduation from a college accredited by a particular private organization (RQ-1811)

Dear Representative Wright:

You ask about the validity of a rule adopted by the Board of Chiropractic Examiners that defines the term "bona fide reputable chiropractic school."

The regulatory statute governing chiropractors is article 4512b, V.T.C.S. That act requires that applicants for licensure by examination be graduates of "bona fide reputable chiropractic schools (whose entrance requirements and course of instruction are as high as those of the better class of chiropractic schools in the United States)."[1] V.T.C.S. art. 4512b, § 10(a). The board has adopted the following rule regarding chiropractic schools:

> (a) The board shall annually review and approve those chiropractic schools whose graduates are eligible for examination and licensure under the provisions of Texas Civil Statutes Article 4512b, § 10.

> (b) A bona fide reputable, chiropractic school as that term is used in the Chiropractic Act, § 10, is a school which

---

1. After October 1, 1990, applicants for licensure by examination will include final semester students, as well as graduates, of bona fide reputable chiropractic schools. Acts 1989, 71st Leg., ch. 363, § 5, at 1450 (effective Oct. 1, 1990).

> either holds candidate status or is ac-
> credited by the Council on Chiropractic
> Education.

22 T.A.C. § 71.5.

You ask whether the board has authority to limit the term "bona fide reputable chiropractic school" to schools accredited by the Council on Chiropractic Education and thereby to exclude schools accredited by the Straight Chiropractic Academic Standards Association.[2]

The board's refusal to recognize schools of "straight" chiropractic as bona fide reputable schools of chiropractic has generated controversy in the past.  In 1984, the Austin Court of Appeals considered whether the board had denied due process of law in the manner in which it determined that an applicant, who had graduated from a school of "straight" chiropractic, had not graduated from a bona fide, reputable school of chiropractic.  Madden v. Texas Bd. of Chiropractic Examiners, 663 S.W.2d 622 (Tex. App. - Austin 1984, writ ref'd n.r.e.).  The controversy arose when the board responded to Madden's request for an application by informing Madden that he was ineligible for licensure because he had not attended a bona fide, reputable school of chiropractic.  The board's rule at the time of Madden's request provided:

> All applicants for licensure who have matriculated in a chiropractic college after October 1, 1975 must present evidence of having graduated from a chiropractic college having status [sic] with the accrediting commission of the Council on Chiropractic Education or the equivalent thereof.

See id. at 624.  Litigation ensued and eventually led to a hearing in which the board issued the following order:

> 1.  A chiropractic college must either show accreditation by an accrediting body viewed

---

2.  For an explanation of the distinction between "straight" chiropractic and "mixer" chiropractic, see Madden v. Tex. Bd. of Chiropractic Examiners, 663 S.W.2d 622 (Tex. App. - Austin 1984, writ ref'd n.r.e.).

> as reliable by the Board or show a valid reason why such accreditation cannot be obtained and otherwise give proof of reputable status in order to be a bona fide and reputable school for the purposes of Section 10, Article 4512b, V.A.C.S.
>
> 2. Sherman College of Straight Chiropractic located in Spartanburg, South Carolina, is not a bona fide reputable school as that term is used in Section 10, Article 4512b, V.A.C.S., and defined by the Board, and therefore, it is ORDERED that David Madden a Sherman College graduate, is not eligible to sit for the state board examination.

See id. at 624-25. After that hearing, Madden continued litigation against the board, claiming that he had again been denied due process. The Austin Court of Appeals agreed, stating that although the board was free to announce a new definition of "bona fide reputable school of chiropractic" in an adjudicative hearing, Madden was entitled to know before a hearing the standards that would control his case. Id. at 626. Mr. Madden's case was remanded to the board for final resolution not inconsistent with the court's opinion. Id. at 627.

In the meantime, the Board of Chiropractic Examiners promulgated its current rule, which defines bona fide, reputable chiropractic school as a school that holds candidate status or is accredited by the Council on Chiropractic Education. Tex. Bd. of Chiropractic Examiners, 9 Tex. Reg. 5199 (1984) (codified at 22 T.A.C. § 71.5). Apparently none of the issues raised in the litigation with Mr. Madden persuaded the board that schools of straight chiropractic were bona fide, reputable schools of chiropractic for purposes of article 4512b, V.T.C.S.

You have raised the issue because the United States Department of Education has determined the Straight Chiropractic Academic Standards Association to be a nationally recognized accrediting association for purposes of section 1141(a) of title 20 of the United States Code. "Accreditation of postsecondary institutions or postsecondary programs by agencies recognized by the Secretary [of Education] is a prerequisite to eligibility for many types of Federal financial assistance for those institutions or programs and for the students enrolled in those institutions or programs." 34 C.F.R. § 602.1(b) (1988); see generally 34 C.F.R. Parts 602, 603 (Secretary's

Procedures and Criteria for Recognition of Accrediting Agencies).

The legislature has delegated to the Board of Chiropractic Examiners the responsibility for determining what constitutes a bona fide, reputable school of chiropractic. Because we cannot make fact findings in the opinions process, we cannot assess whether the board's rule defining bona fide, reputable school of chiropractic is too broad or too narrow. The fact that the United States Department of Education has found the Straight Chiropractic Academic Standards Association to be a nationally recognized accrediting association for certain federal law purposes does not by itself require the Board of Chiropractic Examiners to recognize schools accredited by the Straight Chiropractic Academic Standards Association as a bona fide, reputable school of chiropractic for purposes of Texas law.

## S U M M A R Y

The fact alone that the United States Department of Education has found the Straight Chiropractic Academic Standards Association to be a nationally recognized accrediting association for certain federal law purposes does not require the Board of Chiropractic Examiners to recognize schools accredited by the Straight Chiropractic Academic Standards Association as a bona fide, reputable school of chiropractic for purposes of Texas law.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN

Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General